1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11  MORIANO MILLARE,                    Case No.:  16cv1633-BAS-MDD
12                           Plaintiff,
                                         **REPORT AND**
13  v.                                   **RECOMMENDATION OF UNITED**
                                         **STATES MAGISTRATE JUDGE**
14  G. STRATTON, et al.,                 **RE: DEFENDANTS' MOTION TO**
                                         **DISMISS**
15                          Defendants.
16                                       **[ECF No. 16]**
17

18      This Report and Recommendation is submitted to United States

19  District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Local

20  Civil Rule 72.1(c) of the United States District Court for the Southern

21  District of California.

22      For the reasons set forth herein, the Court **RECOMMENDS**

23  Defendants' Motion to Dismiss be **GRANTED IN PART AND DENIED IN**

24  **PART**.

25                      I.      <u>PROCEDURAL HISTORY</u>

26      Plaintiff Moriano Millare ("Plaintiff") is a state prisoner proceeding *pro*

27  *se* and *in forma pauperis*.  (ECF Nos. 1, 2, 3)  On June 24, 2016, Plaintiff

filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's Complaint sets forth various claims against seventeen individuals alleging that they violated his civil rights by retaliating against him in violation of the First Amendment, imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment, violated California Government Code § 19572(f), failed to comply with several California Codes of Regulation and failed to enforce the Department of Corrections Operations Manual ("DOM"). (*Id.* at 31-57). On December 19, 2016, Defendants Olsen, Fernandez, Asbury, Stratton, Charlton, Vasquez, Moore, Self, Baenziger, Olivarria, Seibel and Sosa filed this motion to dismiss counts ten through fifteen. (ECF Nos, 16). On January 23, 2017, Defendant Shelland joined in the motion to dismiss Plaintiff's twelfth count for cruel and unusual punishment under the Eighth Amendment and Plaintiff's thirteenth through fifteenth counts under California State law. (ECF No. 21).

Defendants contend that: (1) Plaintiff's tenth and eleventh counts fail to state a claim for retaliation because Plaintiff has not alleged the Defendants acted in retaliation; (2) Plaintiff's eleventh count also fails to state a claim because there is no liability for *respondeat superior* under 42 U.S.C. § 1983; (3) Plaintiff's twelfth count fails to state a claim under the Eighth Amendment because he does not allege the loss of a fundamental right; (4) Plaintiff's thirteenth, fourteenth, and fifteenth counts must be dismissed because Defendants are immune from liability under state law; and (5) counts thirteen through fifteen should be dismissed as to Defendants Fernandez, Stratton, Vasquez, Seibel and Shelland because Plaintiff failed to exhaust his administrative remedies against them. (ECF No. 16-1 at 13-20). Defendants also request the Court take judicial notice of Plaintiff's government claims filed with the Victims Compensation and Government

Claims Board ("VCGCB"). (ECF No. 16-2).

Plaintiff opposes the motion to dismiss on the grounds that: (1) he has sufficiently alleged an Eighth Amendment claim of deliberate indifference to his safety in count twelve because his allegations, in combination, amount to a fundamental right; (2) he stated a claim for relief against Defendants Stratton and Seibel for failure to supervise appeals coordinators and subordinate staff in count eleven because they are causally connected to the constitutional deprivation; (3) Defendants are not immune from liability in counts thirteen, fourteen and fifteen because they are public employees, and therefore, "are required to abide by their own laws;" and (4) he has exhausted his remedies under the Government Claims Act. (ECF No. 23 at 11, 15, 16, 19).

Defendants reply that a combination of conditions of confinement still do not rise to the level of an Eighth Amendment violation, that Defendants Stratton and Seibel are not causally related to a constitutional deprivation because Plaintiff did not allege adverse action taken to support a retaliation claim, that Defendants are immune from liability as public employees because they were acting within the scope of employment and that Defendants Fernandez, Stratton, Vasquez and Seibel should be dismissed because Plaintiff knew their identities and never named them in his administrative claims. (ECF No. 24 at 2, 4, 5, 6).

## II.    **BACKGROUND FACTS**

The facts are taken from Plaintiff's Complaint and are not to be construed as findings of fact by the Court.

Plaintiff's claims arise from a series of appeals that Plaintiff filed and Rules Violation Reports ("RVR") filed against him while incarcerated at Richard J. Donovan Correction Facility ("RJD") in San Diego, California.

(*See* ECF No. 1).  Plaintiff was given a work assignment in the Facility A Culinary Scullery.  (*Id.* at 18).  Plaintiff alleges he was not given work boots and that all other inmates working in the kitchen were provided work boots. (*Id.*).  Plaintiff informed Defendant Limon that he wanted work boots and that he would file an inmate appeal if Defendant Limon required Plaintiff to work without them.  (*Id.*).  Plaintiff was not given work boots. (*See id.*).

From July of 2014 to May of 2015, Plaintiff alleges that Defendants filed false RVRs against him, alleging that Plaintiff refused to report to work. (*Id.* at 18-20, 68, 76, 77, 100-01, 106-08, 125, 128).  The RVRs state that the correctional officer in control of opening Plaintiff's cell door reported that they opened Plaintiff's cell door, but that Plaintiff refused to come out.  (*Id.*).  In response to the RVRs, Plaintiff began filing appeals against the Defendants who authored the reports.  (*Id.* at 18-20, 64-65, 73, 90-97, 96-97, 101-104,115-17, 186-87).  Plaintiff alleges either that his cell door was not opened or that he reported to work on the date listed in the RVR.  (*Id.*).  Plaintiff alleges that these appeals were improperly rejected, cancelled or denied.  (*Id.* at 19, 22, 66, 72-76, 82-83, 86-87, 88, 92-93, 95, 98-99, 114-22, 188).

From June of 2015 to April of 2016, Plaintiff filed inmate appeals alleging that Defendants were retaliating against Plaintiff's previous inmate appeals by improperly handling them or otherwise impeding his access to file prisoner grievances.  (*Id.* at 135-36, 144-45, 171-72, 183-84).  Plaintiff alleges that these appeals were also improperly rejected, cancelled or denied.  (*Id.* at 133, 138-41, 143, 148-53, 170, 173-77, 179-82).

Plaintiff's alleges that this series of events give rise to the causes of action raised in his Complaint.  (*See* ECF No.1).  Plaintiff's Complaint describes his claims in fifteen counts as follows:

In counts one through eleven, Plaintiff contends that Defendants

Limon, Charlton, Shelland, Corcoran, Fernandez, Vasquez, Brown, Asbury, Moore, Olsen, Olivarria, Baenziger, Self, Sosa, Seibel and Stratton violated his First Amendment right to freedom of speech by retaliating against him for filing inmate appeals. (*Id.* at 31-51).

In count twelve, Plaintiff contends that all Defendants[1] imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment by prohibiting Plaintiff from attending his work assignment, filing false RVRs against him and interfering with Plaintiff's right to file inmate appeals. (*Id.* at 52-53).

In count thirteen, Plaintiff contends that all Defendants violated California Government Code § 19572(f). (*Id.* at 53-54).

In count fourteen, Plaintiff contends that all Defendants violated California Penal Code § 5058. (*Id.* at 54-55).

In count fifteen, Plaintiff contends that all Defendants violated several sections of the California Department of Corrections Operation Manual ("DOM"). (*Id.* at 55-56).

### III.   LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must

---

[1] There are seventeen defendants in this action: (1) G. Stratton; (2) A. Limon; (3) G. Charlton; (4) O. Shelland; (5) S. Corcoran; (6) F. Fernandez; (7) T. Vasquez; (8) D.R. Brown; (9) H. Asbury; (10) C. Moore; (11) R. Olsen; (12) R. Olivarria; (13) B. Baeziger; (14) B. Self; (15) V. Sosa; (16) K.A. Seibel; and (17) Doe Correctional Officer 1. *See* Docket; (*see also* ECF No. 1).

16cv1633-BAS-MDD

provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV.   **DISCUSSION**

First, the Court will consider whether Defendants' request for judicial notice in support of their motion to dismiss will be granted. Next, the Court will determine whether Defendants' Motion to Dismiss should be granted and counts ten through fifteen of Plaintiff's Complaint should be dismissed.

### A.   **Judicial Notice**

Defendants request the Court take judicial notice of records from the VCGCB pursuant to Federal Rule of Evidence 201. (ECF No. 16-2 at 1-2). In

support, Defendants attach a declaration of Darlene Macias, the Custodian of Records for the Government Claims Program. (*Id.* at 3). Plaintiff does not address the request in his opposition. (*See* ECF No. 23).

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, this Court takes judicial notice of the documents attached to Darlene Macias' declaration as they are matters of public record. (ECF No. 16-2 at 3-73).

**B.    Counts Ten and Eleven: First Amendment Violations**

In count ten, Plaintiff alleges that Defendants Olsen, Olivarria, Baenziger, Self and Sosa retaliated against Plaintiff in violation of the First Amendment in five specific incidents. (ECF No. 1 at 47-48). First, Plaintiff alleges that Defendants interfered with Plaintiff's right to file twelve inmate appeals.[2] (*Id.* at 48). Second, Plaintiff alleges that Defendants deceived Plaintiff regarding the appeals process and improperly rejected and cancelled the twelve appeals. (*Id.*). Third, Plaintiff alleges that Defendants interfered with Plaintiff's right to access the Court regarding these appeals. (*Id.*). Fourth, Plaintiff alleges Defendants provided only one level of review in two appeals[3] instead of the two levels of review typically afforded. (*Id.*). Fifth, Plaintiff contends that Defendants retaliated by failing to process Plaintiff's

---

[2] The twelve appeals listed in count ten are RJD-A-14-03719, RJD-A-14-03004, RJD-A-15-01236, RJD A-15-01864, RJD-A-15-02152, RJD-X-15-02713, RJD-X-15-03530, RJD-X-15-02726, SRHQ-P-15-00140, RJD-X-15-02830, DUI-16-00130 and DUI-X-16-01236. (ECF No. 1 at 47-48)

[3] The two appeals listed are appeals RJD-A-14-03004 and RJD-A-15-02152. (ECF No. 1 at 47-48).

appeals and "take corrective action as supervisors" to end the "punitive cycle of harassment and malicious prosecution Plaintiff suffered in the form of relentless false [RVRs] Defendants placed and attempted to place in Plaintiff's central file." (*Id.* at 49). Plaintiff contends this chilled his ability to exercise his First Amendment rights. (*Id.*).

In count eleven, Plaintiff alleges that Defendants Seibel and Stratton retaliated against Plaintiff in violation of the First Amendment when they failed to take corrective action against their subordinates' retaliatory behavior against Plaintiff, allowed subordinate officers to provide only one level of review in the two previously mentioned appeals, personally directed Plaintiff to seek a third level of review if dissatisfied with a disciplinary review when the second level of review exhausted Plaintiff's remedies and by personally interfering with Plaintiff's right to file a rights and responsibility form against subordinate officers. (ECF No. 1 at 50).

### 1.    Retaliation

Defendants assert that counts ten and eleven must be dismissed because Plaintiff has not alleged any facts indicating that Defendants Olsen, Self, Baenziger, Olivarria and Sosa, and their supervisors, Defendants Stratton and Seibel "cancelled, denied, or screened his appeals because of any protected activity." (ECF No. 16-1 at 14).

The First Amendment protects against "deliberate retaliation" by prison officials against an inmate's exercise of his right to petition for redress of grievances. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Such conduct is actionable even if it would not otherwise rise to the level of a constitutional violation because retaliation by prison officials may chill an inmate's exercise of legitimate First Amendment rights. *Thomas v. Carpenter*, 881 F.2d 828, 830 (9th Cir. 1989). A prisoner suing prison officials

for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

In *Rhodes v. Robinson*, the Ninth Circuit set forth five basic elements of a viable claim of First Amendment retaliation: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 n.11 (9th Cir. 2005)).

### a.    Adverse Action Against an Inmate

The first element of the *Rhodes* pleading standard requires Plaintiff to make an assertion that a state actor took some adverse action against him. *Rhodes*, 408 F.3d at 567-68. In his complaint, Plaintiff contends that "Defendants retaliated against Plaintiff by interfering with frustrating and obstructing Plaintiff['s] right to file . . . inmate appeals . . . . in the form of undue rejection cancellation and deception." (ECF No. 1 at 48, 50). Plaintiff also alleges that Defendants interfered with, frustrated, and obstructed Plaintiff's right to access the Court and improperly provided Plaintiff with only one level of review in two disciplinary appeals. (*Id.* at 48). Plaintiff contends that "Defendants retaliated against Plaintiff when they failed to process Plaintiff's appeals and take corrective action as supervisors and end the punitive cycle of harassment and malicious prosecution Plaintiff suffered in the form of relentless false [RVRs] Defendants placed and attempted to

place in Plaintiff['s] central file." (*Id.* at 49). Defendants concede that Defendants took adverse action against Plaintiff. (ECF No. 16-1 at 14-15) (explaining that Plaintiff alleges Defendants cancelled his appeals, but not that they cancelled the appeals because of his previous appeals). Therefore, Plaintiff satisfies element one of the *Rhodes* pleading standard. *See Coreno v. Armstrong*, No. 09-cv-2504-LAB (POR), 2011 WL 4571756, *13 (S.D. Cal. July 29, 2011) (finding that the plaintiff satisfied element one of the *Rhodes* standard where his "pleadings could be construed to indicate [that the defendant] took adverse action against him"); *Harbridge v. Schwarzenegger*, No. CV 07-4486-GW(SH), 2009 U.S. Dist. LEXIS 129379, *36 (C.D. Cal. Aug. 13, 2009) (finding that the plaintiff satisfied element one of the *Rhodes* standard where he alleged that his prisoner grievances were not properly processed and his complaints were not adequately investigated).

### b.    Because of

The second element of the *Rhodes* pleading standard requires Plaintiff to make an assertion that a state actor took some adverse action against an inmate *because* he exercised his First Amendment right. *Rhodes*, 408 F.3d at 567-68. Defendants contend that Plaintiff "does not allege that [Defendants] cancelled his appeals because he filed previous appeals." (ECF No. 16-1 at 15).

Plaintiff alleges that Defendant Limon compelled Plaintiff to work in the Facility A Culinary Scullery without work boots, even though other inmates assigned to the Facility A Culinary Scullery were provided work boots. (ECF No. 1 at 18). Plaintiff told Defendant Limon he was going to submit an inmate appeal against him for failing to provide him with work boots. (*Id.*). Thereafter, Plaintiff alleges that "Plaintiff was not allowed to attend his work assignment, culinary officers (Defendants) stopped calling for

the Plaintiff's release to his work assignment and returned the Plaintiff to his housing unit when Plaintiff arrived for his assignment." (*Id.*).  Plaintiff further alleges that Defendants filed false RVRs against Plaintiff and that Defendants improperly handled his appeals.  (*Id.* at 47-48).  Plaintiff specifically "alleges [that] in response to his litigiousness the Defendants retaliated against Plaintiff by interfering with frustrating and obstructing Plaintiff['s] right to [appeal]." (*Id.* at 48).  Therefore, Plaintiff satisfies the second element of the *Rhodes* pleading standard.

### c.    Prisoner's Protected Conduct

The third element of the *Rhodes* pleading standard requires Plaintiff to show he exercised protected conduct.  *Rhodes*, 408 F.3d at 567-68. Defendants contend that Plaintiff did not allege that he was engaged in "any protected activity." (ECF No. 16-1 at 14).

Plaintiff's pleadings may be construed to indicate he exercised protected conduct.  *Rhodes*, 408 F.3d at 567-68.  Plaintiff contends he filed twelve appeals, nine of which he attached to his Complaint.  (ECF No. 1 at 48, 60-105, 114-27, 133-88).  In these appeals, Plaintiff explained he was being retaliated against for filing inmate grievances. (*See id.*).  Therefore, Plaintiff satisfies the third element of the *Rhodes* pleading standard.  *See Rhodes*, 408 F.3d at 567 ("of fundamental import to prisoners are their First Amendment 'right[s] to file prison grievances'").

### d.    Chilled First Amendment Rights

The fourth *Rhodes* pleading standard element requires Plaintiff to show that the harm chilled the exercise of his First Amendment right.  *Rhodes*, 408 F.3d 567-68.  A plaintiff is not required to allege "a *total* chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim.  Speech can be chilled even when not

completely silenced." *Id.* at 568 (emphasis in original). The Court must ask "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal citations and quotations omitted).

The face of Plaintiff's Complaint alleges that his First Amendment rights were chilled. (ECF No. 1 at 49). Plaintiff specifically alleges that "Defendants collectively conspired to chill the effect of Plaintiff['s] exercise of his First Amendment rights through actions that did not advance any legitimate penological goals nor are tailored narrowly enough to achieve such goals." (*Id.*). Further, Plaintiff alleged that Defendants filed false RVRs against him and improperly rejected, cancelled, or otherwise handled his inmate appeals in retaliation against him for exercising his First Amendment right to file a grievance against a correctional officer. (*See* ECF No. 1 at 47-49). While the Court "cannot find that a prisoner of 'ordinary firmness' would be deterred from filing future grievances merely because a previous grievance was denied," the Court can find that improper handling of multiple appeals and the filing of false RVRs could have a chilling effect. *Gonzalez v. Doe*, No. 07-cv-1962-W (POR), 2010 WL 3718881, *8 (S.D. Cal. July 28, 2010); *see Martinez v. Muniz*, No. 14-cv-03753-HSG (PR), 2016 WL 3208398, *13 (N.D. Cal. June 10, 2016) (finding that a plaintiff's continued filing of inmate appeals does not negate the existence of a chilling effect). The Court, therefore, finds that there was a chilling effect, despite the fact that Plaintiff continued to file inmate appeals because the chilling effect need not be so great as to totally silence the inmate. *See Rhodes*, 408 F.3d at 568-69 (rejecting argument that inmate failed to state retaliation claim where, after alleged adverse action, plaintiff nonetheless had been able to file inmate

grievances and a lawsuit).   Based thereon, Plaintiff satisfies the fourth element of the *Rhodes* pleading standard.

### e.    Action Did Not Reasonably Advance a Legitimate Correctional Goal

The fifth and final element of the *Rhodes* pleading standard requires Plaintiff to make an assertion that Defendants' actions did not advance a legitimate correctional goal.  *Id.* at 567-68.  Plaintiff's Complaint alleges that Defendants retaliated against Plaintiff's "litigiousness" by improperly handling his appeals.  (ECF No. 1 at 47-49).  The Court construes Plaintiff's allegations to allege that Defendants conduct was "arbitrary and capricious" rather than actions that advance legitimate goals of the correctional institution that were narrowly tailored to achieve such goals.  *See Rizzo*, 778 F.2d at 532 (finding that the plaintiff alleged that the defendants' actions were retaliatory and arbitrary and capricious, showing that they did not serve any legitimate correctional goal).  Accordingly, Plaintiff satisfies the fifth element of the *Rhodes* pleading standard.

### 2.    Plausibility

Defendants argue that, "even if [Plaintiff] had alleged a retaliatory motive, [his] allegations do not pass the plausibility standard under *Twombly* and *Iqbal*."  (ECF No. 16-1 at 16).  Defendants contend that "[i]t is simply not plausible that despite processing appeals from all inmates, that the appeals coordinators would target [Plaintiff] for retaliation because he filed an appeal."  (*Id.*).  The Court disagrees.  It is reasonable to conclude from the entirety of Plaintiff's factual allegations that Defendants' retaliated against Plaintiff.  While the evidence may prove the contrary, at this stage of the proceedings, the Court finds that Plaintiff has met the plausibility standard.

Plaintiff has adequately alleged facts to meet all elements of a First

Amendment retaliation claim.  Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claim in count ten against Defendants Olsen, Olivarria, Baenziger, Self and Sosa be **DENIED**.  **IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claim in count eleven against Defendants Seibel and Stratton for their personal involvement be **DENIED**.

### 3.  *Respondeat Superior*

Count eleven seeks to hold Defendants Seibel and Stratton liable as supervisors for retaliation in violation of the First Amendment for failing to prevent the retaliatory acts of their subordinates set forth in count ten of the Complaint.  (ECF No. 1 at 50-51).  Defendants Stratton and Seibel assert that they must be dismissed because there is no *respondeat superior* liability where the supervisors were not personally involved in or causally connected to the constitutional deprivation.  (*Id.* at 17-18).  Plaintiff argues he sufficiently alleged a causal connection between Defendants Stratton and Seibel and the constitutional deprivation to hold them liable for failing to supervise appeals coordinators and subordinate staff.  (ECF No. 23 at 15).

Only parts of count eleven allege that Defendants Seibel and Stratton are liable as supervisors.  (*See* ECF No. 1 at 50-51).  Plaintiff alleges that Defendants Seibel and Stratton retaliated against him by failing to take "corrective action as supervisors" against subordinate officers for filing false RVRs filed against him, for interfering with Plaintiff's right to appeal and for limiting the levels of review for two of Plaintiff's appeals.  (*Id.*).  As such, Plaintiff appears to allege that Defendants Seibel and Stratton "acquiesce[d] in the constitutional deprivation."  *See Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011).

Under § 1983 of the Civil Rights Act, a defendant cannot be held liable

14

under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, "a supervisor is liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)); *see also King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (stating that state officials may be liable under § 1983 if "they play an affirmative part in the alleged deprivation of constitutional rights"). To be liable, "[t]he supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Supervisory liability is established where the supervisor reviewed the plaintiff's applicable inmate appeal and failed to take corrective action. *See Poulson v. Kirkegard*, 2015 WL 5943207, *5 (D. Mont. Mar. 16, 2015) (citing *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006)). Supervisors involved in reviewing an inmate appeal can be held liable under § 1983 where they deny a prisoner's appeal and had the authority and opportunity to prevent an ongoing constitutional violation. *See Jett*, 439 F.3d at 1098 (stating that prison administrators cannot "turn a blind eye" to constitutional violations being committed by subordinates). To state such a claim, a plaintiff must allege that the supervisor knew about an existing or impending violation and failed to prevent it. *Id.*; *Taylor*, 880 F.2d at 1045 (supervisory official liable under § 1983 if he knew of a violation and failed to act to prevent it).

Plaintiff alleges that Defendants Seibel and Stratton reviewed appeals RJD-A-14-03004, RJD-A-14-03719, RJD-A-15-01864 and RJD-A-15-02152. (ECF No. 1 at 62, 84-85, 92-93, 117-19). Defendant Seibel learned of

16cv1633-BAS-MDD

Plaintiff's allegations of retaliation by subordinate officers when he reviewed Appeal RJD-A-14-03004, which alleged that officers were retaliating against Plaintiff for filing an inmate appeal against Defendant Limon. (*Id.* at 64-65). Further, Defendant Stratton had knowledge of Plaintiff's allegations of retaliation by subordinate officers when he reviewed appeal RJD-A-14-03719, which stated that Plaintiff was subject to "reprisal by way of . . . falsification of [RVR]." (*Id.* at 73). Additionally, Plaintiff alleges in RJD-A-15-02152, an appeal Defendant Stratton reviewed, that subordinate officers "securely locked [Plaintiff] in a malicious punitive cycle" in retaliation for his filing of inmate appeals. (*Id.* at 116). Plaintiff's allegations of a "punitive cycle" and repeated retaliation by way of improperly handling inmate appeals is sufficient, at this stage of the proceedings, to show an ongoing constitutional violation that Defendants Seibel and Stratton had knowledge of and could have stopped or prevented. *See Jett*, 439 F.3d at 1098; *Taylor*, 880 F.2d at 1045. Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Defendants Seibel and Stratton under supervisory liability in count eleven be **DENIED**.

## C.    Count Twelve: Eighth Amendment Violation

Plaintiff contends that all Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they "refused to allow [Plaintiff] to attend his (work) [sic] assignment and (while simultaneously) relentlessly onslaught [sic] Plaintiff['s] central file with false [RVRs] accusing Plaintiff of refusing to attend his assignment . . . . [and] when [Plaintiff] attempted to file appeals regarding the issues, [D]efendants frustrated, interfered with, obstructed and denied Plaintiff's (Administrative) rights to file appeals while other inmates' rights were not interfered with obstructed and denied." (ECF Nos. 1 at 52-53; 23 at 10). Plaintiff asserts

Defendants acted with deliberate indifference because they "had full knowledge" of Plaintiff's allegations and "took no measure to investigate why the officers continued writing these false [RVRs] nor did they order the activities stopped." (ECF No. 23 at 10). He states that Defendants were "objectively cruel" at the "expense of Plaintiff's personal safety." (*Id.* at 12).

Defendants assert that count twelve must be dismissed because Plaintiff "does not allege that he was deprived of a fundamental right" and therefore "cannot state a claim for violation of the Eighth Amendment." (ECF No. 16-1 at 13). Specifically, Defendants contend that "Plaintiff's allegations do not allege that Defendants denied him the 'minimal civilized measures of life's necessities.'" (*Id.* at 14) (citation omitted). Defendants explain that writing disciplinary reports, screening or cancelling appeals, filing inmate appeals and having a prison job are not fundamental rights under the Eighth Amendment. (*Id.*). Plaintiff concedes that filing false RVRs and filing inmate appeals are not a fundamental rights on their own, but instead argues that "in-concert the issues rise to the level of a fundamental right, and that this right relates to [Plaintiff's] personal safety." (ECF No. 23 at 11). Defendants reply that the Ninth Circuit rejects Plaintiff's "in-concert" argument. (ECF No. 24 at 2-3).

The Eighth Amendment protects prisoners against cruel and unusual conditions of confinement. U.S. CONST. amend. VIII. Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment. . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal

16cv1633-BAS-MDD

citations and quotations omitted).

To prove an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy both an objective and subjective requirement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). The objective prong requires the prisoner to allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The institution provides the minimal civilized measure of life's necessities if it "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (internal citations and quotations omitted); *see also Farmer*, 511 U.S. at 832. To meet the subjective prong, a prisoner must allege facts showing that the defendants acted with "deliberate indifference." *Wilson*, 501 U.S. at 302; *Allen*, 48 F.3d at 1087. Deliberate indifference exists where a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff has not alleged facts sufficient to establish the objective requirement of an Eighth Amendment violation because he has not alleged he was deprived of the minimal civilized measure of life's necessities. Plaintiff lists three conditions of his confinement that he alleges are cruel and unusual: (1) Defendants refused to allow Plaintiff to attend his work assignment; (2) Defendants filed several false disciplinary reports against Plaintiff and refused to remove them from his central file; and (3) Defendants interfered, frustrated, obstructed and denied Plaintiff's right to file inmate

16cv1633-BAS-MDD

appeals. (ECF No. 1 at 52-53). None of these reasons is a deprivation of the minimal civilized measures of life's necessities under the Eighth Amendment.

First, "inmates have no constitutional right to be assigned to a particular job." *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (citing *Lyon v. Farrier*, 727 F.2d 766 (8th Cir. 1984); *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981)); *see also Walker v. Gomez*, 101 Fed. App'x 200, 203 (9th Cir. 2004) (stating that "[t]here is no constitutional right to a work assignment"). Thus, a work assignment does not constitute a basic human need, and being deprived from working does not constitute an Eighth Amendment violation. *See Barno v. Ryan*, 399 Fed. App'x 272, 273 (9th Cir. 2010) (holding that possible loss of a prison job did not violate the prisoner's Eighth Amendment rights); *Cox v. Pacholke*, No. C12-5421 BHS/KLS, 2012 WL 5877513, *4 (W.D. Wash. Oct. 9, 2014) (finding that "[t]here is no constitutional right to receive and retain a particular prison job assignment" so termination from employment does not violate the Eighth Amendment); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (removing a prisoner from a job does not rise to the level of cruel and unusual punishment).

Second, there is no constitutional protection for prisoners where false disciplinary charges are filed and prosecuted. *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (9th Cir. 1997); *Dickson v. Valenzuela*, No. cv 14-6954-DOC (GJS), 2016 WL 7628, *8 (C.D. Cal. Nov. 4, 2016); *see e.g. Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (explaining that claims based on the falsity of charges and impropriety of the defendant's involvement in the grievance procedure, "standing alone, do not state constitutional claims"); *Smith v. Albee*, No. 2:15-cv-1598 KJN, 2016 WL 6094471, *4 (E.D. Cal. Oct. 18, 2016) (the "falsification of disciplinary reports does not state a stand-alone constitutional claim," because "[t]here is no constitutionally guaranteed

immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *Williams v. Foote*, No. CV 08-2838-CJC (JEM), 2011 WL 6968033, *16 (C.D. Cal. Oct. 5, 2011) (there is no Eighth Amendment right to be free from wrongfully issued disciplinary reports), *adopted by* 2012 WL 71747 (Jan. 5, 2012).

Third, "[t]he Eighth Amendment does not guarantee vindication for Plaintiff's inmate appeals." *Saenz v. Spearman*, No. 1:09-cv-00557-GSA-YNP (PC), 2009 WL 2365405, *6 (E.D. Cal. July 29, 2009). Screening-out, cancelling, rejecting or denying an inmate appeal "does not result in the denial of the minimal civilized measure of life's necessities, even if the justification for the screen-out[, cancellation, rejection or denial] is illegitimate." *Id.* A prison grievance procedure is a procedural right and does not confer any substantive right upon the inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that "[t]here is no legitimate claim of entitlement to a grievance procedure"). Thus, actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495.

Plaintiff argues that these three conditions of confinement in concert constitute cruel and unusual punishment. (ECF No. 23 at 11.) Courts may consider conditions in combination "when they have mutually enforcing effect that produces the deprivation of a single identifiable human need . . . ." *Wilson*, 501 U.S. at 304-05. However, "[c]ourts may not find Eighth

Amendment violations based on the 'totality of conditions' at a prison. . . .  A number of conditions, each of which satisfy Eighth Amendment requirements, cannot in combination amount to an Eighth Amendment violation." *Hoptowit*, 682 F.2d at 1246-47 (quoting *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981)).   The Court finds that each of the three conditions Plaintiff lists meets Eighth Amendment requirements and they do not have mutually enforcing effect producing deprivation of a single human need.  Accordingly, this Court **RECOMMENDS** that Defendants' Motion to Dismiss Count twelve of the Complaint be **GRANTED** and count twelve be **DISMISSED** with prejudice.[4]

## D.     Counts Thirteen, Fourteen and Fifteen

In count thirteen of Plaintiff's Complaint, he alleges that all Defendants violated California Government Code § 19572(f), which states that dishonesty is cause for discipline of a state government employee.  (ECF No. 1 at 53-54); Cal. Gov. Code § 19572(f).  In count fourteen, Plaintiff alleges that all

_____

[4] The Court has declined to grant Plaintiff leave to amend count twelve of the Complaint because they are more properly considered under a First Amendment violation and counts one through eleven, which each allege retaliation in violation of the First Amendment, survive the Motion to Dismiss.  *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (finding cognizable First Amendment/retaliation claim based on theory that guard filed false disciplinary charge in retaliation for prisoner's use of prison grievance system); *see also Deadmon v. Grannis*, No. 06cv1382-LAB (WMC), 2008 WL 595883, *10 (S.D. Cal. Feb. 29, 2008) (observing that "an inmate can state a cognizable claim for violation of his federal constitutional rights associated with an allegedly false disciplinary report" through two means: first, by alleging the false report was retaliatory; and, second, by alleging he was not afforded procedural due process in connection with the issuance of that report).

Defendants violated California Penal Code § 5058 by failing to enforce, monitor and abide by the terms of the California Code of Regulations.  (ECF No. 1 at 54-55).  California Penal Code § 5058 permits the director of California Department of Corrections and Rehabilitation ("CDCR") to "prescribe and amend rules and regulations for the administration of the prisons."  Cal. Pen. Code § 5058(a).  In count fifteen, Plaintiff alleges that all Defendants violated the DOM.  (*Id.* at 55-56).  Specifically, Plaintiff asserts that his claims are based "upon the combination of: (a) preventing Plaintiff from attending his [work] assignment; (b) the succeeding action of failing to process his appeals regarding the false disciplinary reports that accused Plaintiff of refusing to attend his [work] assignment; and (c) failing to process appeals filed against those whose responsibility it was to process appeals."  (ECF No. 23 at 17-18).

Defendants argue that they are immune from liability under counts thirteen, fourteen and fifteen because they plead state law claims involving "instituting or prosecuting any judicial or administration proceeding."  (ECF No. 16-1 at 19).  Defendants state that even if Plaintiff "could plead state law claims, he failed to file a government claim against Defendants Fernandez, Stratton, Vasquez, and Seibel," thereby barring his claims under the Government Claims Act.  (*Id.* at 20).  Plaintiff contends that Defendants are not immune from liability under state law and that he did comply with the Government Claims Act.  (ECF No. 23 at 16-26).  In light of the Court's decision on the applicability of California Government Code § 821.6 immunity, the Court declines to analyze Defendants' Government Claims Act argument.

Government Code § 821.6 reads: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative

proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (2d Dist. 2007) (citing *Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1293 (6th Dist. 1999)). The statute is designed to provide immunity where a public employee "initiates or procures an arrest and prosecution under *lawful process* but with malicious motive and without probable cause." *Id.* at 1043 (emphasis in original). The statute immunizes both the formal acts of filing or prosecuting a judicial or administrative action and actions taken in preparation of such formal proceeding. *Id.* at 1048. This immunity bars state-law causes of actions against prison officials in connection with administrative disciplinary proceedings, such as the inmate appeals process. *See Baker v. Schwarzenneger*, 2008 WL 5068937, at *9 (S.D. Cal. Nov. 26, 2008) (applying Cal. Gov. Code § 821.6 to bar state-law causes of action against prison officials in connection with an allegedly false RVR); *see also Miller v. Catlett*, No. 08-cv2428 DMS (PCL), 2010 WL 444734, at *4 (S.D. Cal. Feb. 1, 2010) (dismissing the plaintiff's state law claims with prejudice pursuant to Cal. Gov. Code § 821.6).

Plaintiff alleges that all Defendants violated California Government Code § 19572(f), California Penal Code § 5058 and various sections within the DOM when they prevented Plaintiff from attending his work assignment, filed false RVRs against him and improperly handled his inmate appeals. (ECF Nos. 1 at 53-56; 23 at 17-18). Thus, counts thirteen, fourteen and fifteen raise only state law claims in connection with administrative disciplinary proceedings and Defendants are entitled to immunity under

California Government Code § 821.6.  *See Baker v. Schwarzenneger*, 2008 WL 5068937, at *9 (S.D. Cal. Nov. 26, 2008); *see also Miller v. Catlett*, 2010 WL 444734, at *4 (S.D. Cal. Feb. 1, 2010).  Accordingly, the Court **RECOMMENDS** that Defendants Motion to Dismiss counts thirteen, fourteen and fifteen of Plaintiff's Complaint be **GRANTED** and the claims be **DISMISSED** with prejudice.

## V.   <u>CONCLUSION</u>

For the reasons set forth herein, it is **RECOMMENDED** that:

1)   Defendants' Motion be **DENIED** as to Plaintiff's First Amendment retaliation claim against Defendants Olsen, Olivarria, Baenziger, Self and Sosa (count ten).

2)   Defendants' Motion be **DENIED** as to Plaintiff's First Amendment retaliation claim against Defendants Seibel and Stratton (count eleven).

3)   Defendants' Motion be **GRANTED WITH PREJUDICE** as to Plaintiff's Eighth Amendment claim against all Defendants (count twelve).

4)   Defendants' Motion be **GRANTED WITH PREJUDICE** as to Plaintiff's state law claims against all Defendants (counts thirteen, fourteen and fifteen).

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the court and serve a copy on all parties by **<u>March 22, 2017</u>**.  The document shall be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by **<u>March 29, 2017</u>**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the

Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:   February 28, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge