UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>                    Plaintiff,<br><br>v.<br><br>G. STRATTON, et al.,<br><br>                    Defendants. | Case No.: 16cv1633-BAS (MDD)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION REQUESTING ORDER REQUIRING DEFENSE COUNSEL PROVIDE FORWARDING ADDRESS**<br><br>**[ECF No. 34]** |

On June 24, 2016, Plaintiff, a prisoner at Richard J. Donovan Correctional Facility ("RJD") proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this case by filing a civil rights complaint. (ECF No. 1). On January 4, 2017, Plaintiff filed a "Request for Order Directing Defense Counsel Provide Confidential Addresses to the U.S. Marshals Service" and requested an extension of time to serve four defendants. (ECF No. 19). On January 9, 2017, this Court denied Plaintiff's motion. (ECF No. 20). On January 17, 2017, Plaintiff constructively filed a "Renewed Motion Requesting Order Directing Defense Counsel Provide Confidential Addresses to U.S. Marshals

| | |
|---|---|
| 1 | for Service." (ECF No. 26). There are seventeen defendants in this case and |
| 2 | fourteen have filed a waiver of service and a motion to dismiss the case. |
| 3 | (ECF Nos. 4-16, 22, 28). On February 28, 2017, the summons was returned |
| 4 | unexecuted as to Defendant Brown. (ECF No. 29). |
| 5 | On March 7, 2017, Plaintiff signed a "Motion Requesting Order |
| 6 | Requiring Defense Counsel Provide Forwarding Address," which the Court |
| 7 | accepted on discrepancy on March 15, 2017. (ECF Nos. 33, 34). Plaintiff now |
| 8 | seeks to serve Defendants Brown and Limon and requests that the Court |
| 9 | order defense counsel to provide their last known addresses to the U.S. |
| 10 | Marshal Service, so that the U.S. Marshal can serve these defendants. (ECF |
| 11 | No. 34 at 4). Plaintiff also requests an extension of time to serve these |
| 12 | defendants. (*Id.*). |
| 13 | In support, Plaintiff explains that he sent a letter to the U.S. Marshal |
| 14 | Service on February 10, 2017, inquiring about the status of service as to |
| 15 | Defendants Limon and Brown. (*Id.* at 3, 6). Plaintiff has not received any |
| 16 | information regarding the status of service as to Defendant Limon. (*Id.* at 3). |
| 17 | Plaintiff's summons was returned unexecuted as to Defendant Brown, |
| 18 | indicating that Defendant Brown "retired from CDCR" and that there was |
| 19 | "no forwarding address provided." (*Id.* at 8). |
| 20 | I.     **REQUEST TO PROVIDE ADDRESSES TO U.S. MARSHALS** |
| 21 | In cases involving a plaintiff proceeding IFP, a United States Marshal, |
| 22 | upon order of the court, shall serve the summons and the complaint. Fed. R. |
| 23 | Civ. P. 4(c)(3); 28 U.S.C. § 1915(d) (in IFP proceedings, "[t]he officers of the |
| 24 | court shall issue and serve all process, and perform all duties in such cases."). |
| 25 | "An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to |
| 26 | rely on the U.S. Marshal for service of the summons and complaint and . . . |
| 27 | should not be penalized by having his action dismissed for failure to effect |

service where the U.S. Marshal or court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

Plaintiff's motion is premature as to Defendant Limon because Plaintiff has not received notification from the U.S. Marshals that the summons was returned unexecuted as to Defendant Limon and that the U.S. Marshals' failed to serve him. (ECF No. 34 at 3). Therefore, Plaintiff has not shown good cause and Plaintiff's motion is **DENIED WITHOUT PREJUDICE** as to Defendant Limon.

Plaintiff has provided information "necessary to sufficiently identify" Defendant Brown as a supervising correctional officer at RJD when the alleged claims occurred. Plaintiff has provided this information to the United States Marshal Service and already has attempted to effect service upon Defendant Brown at RJD, his last known place of employment. The Court finds that Plaintiff should not be penalized with dismissal as to Defendant Brown simply because he no longer is employed at RJD and **GRANTS** Plaintiff's motion as to Defendant Brown.

The only reason the U.S. Marshal was unable to effect service upon Defendant Brown is due to his retirement and the presumably confidential nature of his forwarding address. Accordingly, as long as the privacy of Defendant Brown's forwarding address can be preserved, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Defendant Brown on his behalf. *See Puett*, 912 F.2d at 275. The Court hereby directs the Deputy

Attorney General assigned to this case to contact the Litigation Coordinator at RJD and/or the CDCR's Legal Affairs Division and to ask him or her to provide any forwarding address in his or her possession, or which is obtainable from the CDCR's personnel records for Defendant Brown, now retired, and to forward that address to the U.S. Marshal in a *confidential memorandum* indicating that the summons and Plaintiff's complaint is to be served upon Defendant Brown at that address. The U.S. Marshal Service must effectuate service using the new address without additional paperwork from Plaintiff.

## II.   REQUEST TO EXTEND TIME TO SERVE DEFENDANTS

Plaintiff also requests the Court to grant him an extension of time to serve Defendants Limon and Brown. (ECF No. 34 at 4). Pursuant to Federal Rule of Civil Procedure 4:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate order.

Fed. R. Civ. P. 4(m).

The Court previously granted Plaintiff an extension of time to serve Defendants Brown and Limon. (ECF No. 27 at 4). Plaintiff has informed the Court that since the Court's January 31, 2017, Order [ECF No. 27], he has received notice that the summons was returned unexecuted as to Defendant Brown, but not as to Defendant Limon. (ECF No. 34 at 3, 6). Accordingly, the Court finds good cause to **GRANT** Plaintiff's request and extend the time to serve Defendants Limon and Brown until **May 20, 2017**.

//

## III. CONCLUSION

Accordingly, the Court hereby:

1. **DENIES WITHOUT PREJUDICE** Plaintiff's request to provide the address of Defendant Limon to the U.S. Marshals;

2. **GRANTS** Plaintiff's request to provide the address of Defendant Brown to the U.S. Marshals and **ORDERS** the Deputy Attorney General assigned to this case to provide the forwarding address to the U.S. Marshal in a confidential memorandum stating that the summons and complaint are to be delivered to the address provided. The Attorney General's Office must provide the U.S. Marshal with any such information by **April 5, 2017**. If the Attorney General cannot locate the address for Defendant Brown, he must file a declaration by that same date stating such, and explain why the address could not be provided.

**Within 30 days** of receipt of any available address from the Attorney General, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's complaint and summons on Defendant Brown. All costs of service shall be advanced by the United States pursuant to the Court's September 26, 2016 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2). (ECF No. 3); and

3. **GRANTS** Plaintiff an extension of time in which to file service upon Defendants Brown and Limon pursuant to Fed. R. Civ. P. 4(m) until **May 20, 2017**. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that the district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service retroactively after the service period has expired).

4. **IT IS FURTHER ORDERED** that the Clerk provide the Attorney General's Office an "IFP Package" consisting of: (1) this Order; (2) a

copy of the Court's September 26, 2016 Order Granting IFP and Directing U.S. Marshal Service [ECF No. 3]; (3) a certified copy of his Complaint [ECF No. 1]; (4) an alias summons; and (5) a blank USMS Form 285 for purposes of re-attempting service upon Defendant Brown.  Both the Attorney General's Office and the Office of the U.S. Marshal are **ORDERED** to keep the address provided strictly confidential.  Thus, the address may not appear on any U.S. Marshal Form 285, may not be provided to Plaintiff, and may not be made part of the Court's record.

**IT IS SO ORDERED.**

Dated:   March 16, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge