# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>Plaintiff,<br><br>v.<br><br>G. STRATTON, et al.,<br><br>Defendants. | Case No.: 16cv1633-BAS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANT CORCORAN'S MOTION TO DISMISS**<br><br>**[ECF No. 31]** |

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendant J. Corcoran's Partial Motion to Dismiss be **GRANTED.**

### I.  PROCEDURAL HISTORY

Plaintiff Moriano Millare is a state prisoner proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). On June 24, 2016, Plaintiff filed a

complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's Complaint sets forth various claims against seventeen individuals alleging that they retaliated against him in violation of the First Amendment, imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment, violated California Government Code § 19572(f), failed to comply with several California Codes of Regulation and failed to enforce the Department of Corrections Operations Manual ("DOM"). (*Id.* at 31-57).

On December 19, 2016, twelve Defendants moved to dismiss counts ten through fifteen. (ECF No. 16).[1] Defendant Shelland joined the motion on January 23, 2017. (ECF No. 21). On February 28, 2017 this Court issued a Report and Recommendation regarding Defendant's Motion to Dismiss. (ECF No. 30). This Court recommended denying the Motion as to Plaintiff's First Amendment retaliation claims and granting the Motion as to Plaintiff's Eighth Amendment and state law claims. District Judge Bashant adopted the Report and Recommendation on April 6, 2017. (ECF No. 37).

Defendant Corcoran was not a movant in the original Motion to Dismiss. He was served by mail at a date later than the aforementioned parties, and waived service on February 6, 2017. (ECF No. 28). Defendant Corcoran now moves to dismiss only the Plaintiff's claims that the previous Movants were successful in dismissing, for cruel and unusual punishment under the Eighth Amendment and all claims arising under state law. (ECF No. 31-1 at 2).

---

[1] Defendants, Olsen, Fernandez, Asbury, Stratton, Charlton, Vasquez, Moore, Self, Baenziger, Olivarria, Seibel and Sosa. Specifically, the Motion addressed all First Amendment retaliation claims against movants in supervisory positions, Eighth Amendment violations against all movants, and state law claims against all movants.

Defendant Corcoran contends that (1) Plaintiff's twelfth count fails to state a claim under the Eighth Amendment because he does not allege the loss of a fundamental right, (2) counts thirteen through fifteen should be dismissed because Defendant is immune from liability under state law, or in the alternative (3) counts thirteen through fifteen should be dismissed because Plaintiff failed to exhaust his administrative remedies against Defendant Corcoran in the manner required by the California Government Claims Act. (ECF No. 31). Defendant also requests the Court take judicial notice of Plaintiff's government claims filed with the Victims Compensation and Government Claims Board ("VCGCB"). (ECF No. 31-2).

Plaintiff has not filed an opposition. Under Civil Local Rules, failure to object to a Motion may be construed as consent to the granting of the motion. Civ. L.R. 7.1(f)(3)(c). Nevertheless, the Court will consider the motion on its merits.

## II. BACKGROUND FACTS

These facts are taken from Plaintiff's Complaint, are not to be construed as findings of fact by the Court, and are limited to the claims relating to the movant, Defendant Corcoran. Plaintiff alleges that Defendant Corcoran is a "employed as a correctional officer on 'A' facility at [Richard J. Donovan Correction Facility], and is responsible for the custody treatment and discipline of all inmates under his charge." (ECF No. 1 at 11).

Plaintiff's claims arise from a series of appeals that Plaintiff filed and Rules Violation Reports ("RVR") filed against him while incarcerated at Richard J. Donovan Correction Facility ("RJD") in San Diego, California. (*See* ECF No. 1). From July of 2014 to May of 2015, Plaintiff alleges that Defendants filed false RVRs against him, alleging that Plaintiff refused to report to work. (*Id.* at 18-20, 68, 76, 77, 100-01, 106-08, 125, 128). The RVRs

3

state that the correctional officer in control of opening Plaintiff's cell door reported that they opened Plaintiff's cell door, but that Plaintiff refused to come out. (*Id.*). In response to the RVRs, Plaintiff filed appeals against the Defendants who authored the reports. (*Id.* at 18-20, 64-65, 73, 90-97, 96-97, 101-104,115-17, 186-87). In the appeals, Plaintiff claims that counter to the information in the RVR, either his cell door was never opened or that he reported to work on the date listed in the RVR. (*Id.*). Plaintiff alleges that these appeals were improperly rejected, cancelled or denied. (*Id.* at 19, 22, 66, 72-76, 82-83, 86-87, 88, 92-93, 95, 98-99, 114-22, 188).

From June of 2015 to April of 2016, Plaintiff filed inmate appeals alleging that Defendants were retaliating against Plaintiff's previous inmate appeals by improperly handling them or otherwise impeding his access to file prisoner grievances. (*Id.* at 135-36, 144-45, 171-72, 183-84). Plaintiff alleges that these appeals were also improperly rejected, cancelled or denied. (*Id.* at 133, 138-41, 143, 148-53, 170, 173-77, 179-82).

Specific to the movant, Plaintiff alleges on March 6, 2015, Defendant Corcoran issued a RVR stating Plaintiff had failed to report to work and referenced prior documentation of Plaintiff's refusal to work. (*Id.* at 25-26). In the RVR, Defendant Corcoran detailed that Plaintiff's cell door was opened but he refused to come out. (*Id.*). Defendant Corcoran recommended Plaintiff appear before the appropriate classification committee for his immediate removal from his job assignment. (*Id.*). On March 11, 2015, the RVR was adjudicated by Senior Hearing Officer, Lieutenant A. Allamby, Plaintiff was found not guilty of the allegations made by Defendant Corcoran, and the RVR was dismissed. (*Id.*).

4

Plaintiff's Complaint describes his claims in fifteen counts as follows:

In counts one through eleven, Plaintiff contends that Defendants Limon, Charlton, Shelland, Corcoran, Fernandez, Vasquez, Brown, Asbury, Moore, Olsen, Olivarria, Baenziger, Self, Sosa, Seibel and Stratton violated his First Amendment right to freedom of speech by retaliating against him for filing inmate appeals. (*Id.* at 31-51).

In count twelve, Plaintiff contends that all Defendants imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment by prohibiting Plaintiff from attending his work assignment, filing false RVRs against him and interfering with Plaintiff's right to file inmate appeals. (*Id.* at 52-53).

In count thirteen, Plaintiff contends that all Defendants violated California Government Code § 19572(f). (*Id.* at 53-54).

In count fourteen, Plaintiff contends that all Defendants violated California Penal Code § 5058. (*Id.* at 54-55).

In count fifteen, Plaintiff contends that all Defendants violated several sections of the California Department of Corrections Operation Manual ("DOM"). (*Id.* at 55-56).

### III. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV. DISCUSSION

First, the Court will consider whether Defendant's request for judicial notice in support of his motion to dismiss will be granted. Next, the Court will determine whether Defendant's Motion to Dismiss should be granted and counts twelve through fifteen of Plaintiff's Complaint should be dismissed as to Defendant Corcoran.

### A. Judicial Notice

Defendant requests the Court take judicial notice of records from the VCGCB pursuant to Federal Rule of Evidence 201. (ECF No. 31-2 at 1-2). In support, Defendant attaches a declaration of Darlene Macias, the Custodian of Records for the Government Claims Program. (*Id.* at 3).

6

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, this Court takes judicial notice of the documents attached to Darlene Macias' declaration as they are matters of public record. (ECF No. 31-2 at 3-73).

**B.     Count Twelve: Eighth Amendment Violation**

Plaintiff contends the collective behavior of all Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, he alleges Defendant violated this right by preventing Plaintiff from attending his work assignment, filing false RVRs pertaining to Plaintiff's alleged failure to show up for his work assignment, and obstructing Plaintiff's administrative rights to appeal the false RVRs. (ECF Nos. 1 at 52-53; 23 at 10). Plaintiff asserts Defendants' actions considered "in-concert" constitute a "cycle of harassment and psychological torture which lacked any penological justification" which sufficiently "deprived him of the 'minimal civilized measure of life's necessities.'" (ECF No. 23 at 9-11). Further, Plaintiff claims Defendants acted with deliberate indifference because they "had full knowledge" of Plaintiff's allegations and "took no measure to investigate why the officers continued writing these false [RVRs] nor did they order the activities stopped." (ECF No. 23 at 10). He states that Defendants were "objectively cruel" at the "expense of Plaintiff's personal safety." (*Id.* at 12).

Defendant argues that count twelve must be dismissed because "writing an allegedly false disciplinary citation does not impact a fundamental right," and Plaintiff "does not allege that [Defendant] Corcoran denied him the 'minimal civilized measure of life's necessities.'" (ECF 31-1 at 5-6).

7

In response to a Motion to Dismiss filed by twelve Defendants on December 19, 2016, this Court found "there is no constitutional protection for prisoners where false disciplinary charges are filed and prosecuted." (ECF 30 at 19). On March 16, 2017 Judge Bashant approved and adopted the R&R in its entirety. (ECF 37). As explained below, the Court recommends this claim be dismissed against Defendant Corcoran for the same reasons.

The Eighth Amendment protects prisoners against cruel and unusual conditions of confinement. U.S. Const. amend. VIII. Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment. . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations and quotations omitted).

To prove an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy both an objective and subjective requirement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). The objective prong requires the prisoner to allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. The institution provides the minimal civilized measure of life's necessities if it "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (internal citations and quotations omitted); *see also Farmer*, 511 U.S. at 832. To meet the subjective prong, a prisoner must allege facts showing that the

8

defendants acted with "deliberate indifference." *Wilson*, 501 U.S. at 302; *Allen*, 48 F.3d at 1087. Deliberate indifference exists where a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Courts may consider conditions cumulatively "when they have mutually enforcing effect that produces the deprivation of a single identifiable human need . . . ." *Wilson*, 501 U.S. at 304-05. However, "[c]ourts may not find Eighth Amendment violations based on the 'totality of conditions' at a prison. . . . A number of conditions, each of which satisfy Eighth Amendment requirements, cannot in combination amount to an Eighth Amendment violation." *Hoptowit*, 682 F.2d at 1246-47 (quoting *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981)).

Plaintiff has not alleged facts sufficient to establish the objective requirement of an Eighth Amendment violation because he has not alleged he was deprived of the minimal civilized measure of life's necessities by Defendant Corcoran. Plaintiff's allegations specific to Defendant Corcoran are only that Defendant Corcoran knowingly filed false RVR's against the Plaintiff. Knowingly filing false RVR's is not enough to sustain an Eighth Amendment claim.

Accordingly, this Court **RECOMMENDS** that Defendant's Motion to Dismiss Count twelve of the Complaint be **GRANTED** and count twelve as to Defendant Corcoran be **DISMISSED** with prejudice.[2]

---

[2] The Court declined to recommend granting Plaintiff leave to amend count twelve of the Complaint because the allegations are more properly considered

9

## C. Counts Thirteen, Fourteen and Fifteen

In count thirteen of the Complaint, Plaintiff alleges that all Defendants violated California Government Code § 19572(f), which states that dishonesty is cause for discipline of a state government employee. (ECF No. 1 at 53-54); Cal. Gov. Code § 19572(f). In count fourteen, Plaintiff alleges that all Defendants violated California Penal Code § 5058 by failing to enforce, monitor and abide by the terms of the California Code of Regulations. (ECF No. 1 at 54-55). California Penal Code § 5058 permits the director of California Department of Corrections and Rehabilitation ("CDCR") to "prescribe and amend rules and regulations for the administration of the prisons." Cal. Pen. Code § 5058(a). In count fifteen, Plaintiff alleges that all Defendants violated the DOM. (*Id.* at 55-56). Specifically, Plaintiff asserts that his claims are based "upon the combination of: (a) preventing Plaintiff from attending his [work] assignment; (b) the succeeding action of failing to process his appeals regarding the false disciplinary reports that accused Plaintiff of refusing to attend his [work] assignment; and (c) failing to process

---

under a First Amendment violation and counts one through eleven, which each allege retaliation in violation of the First Amendment, survive the Motion to Dismiss. *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (finding cognizable First Amendment/retaliation claim based on theory that guard filed false disciplinary charge in retaliation for prisoner's use of prison grievance system); *see also Deadmon v. Grannis*, No. 06cv1382-LAB (WMC), 2008 WL 595883, *10 (S.D. Cal. Feb. 29, 2008) (observing that "an inmate can state a cognizable claim for violation of his federal constitutional rights associated with an allegedly false disciplinary report" through two means: first, by alleging the false report was retaliatory; and, second, by alleging he was not afforded procedural due process in connection with the issuance of that report).

appeals filed against those whose responsibility it was to process appeals." (ECF No. 23 at 17-18).

Defendant argues that he is "immune from any claims under state law that involve instituting or prosecuting any judicial or administration proceeding." (ECF No. 31-1 at 7). Defendant states that even if Plaintiff "could plead state law claims, he failed to file a government claim against Defendant Corcoran," thereby barring his claims under the Government Claims Act. (*Id.* at 9). In light of the Court's decision on the applicability of California Government Code § 821.6 immunity below, and consistent with the analysis of this Court on the previous Motion to Dismiss in the same matter, the Court declines to address the Defendant's Government Claims Act argument.

Government Code § 821.6 reads: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits." *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (2d Dist., Div. 3 2007) (citing *Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1293 (6th Dist. 1999)). The statute is designed to provide immunity where a public employee "initiates or procures an arrest and prosecution under *lawful process* but with malicious motive and without probable cause." *Id.* at 1043 (emphasis in original). The statute immunizes both the formal acts of filing or prosecuting a judicial or administrative action and actions taken in preparation of such formal proceeding. *Id.* at 1048.

Plaintiff alleges that Defendant Corcoran violated California Government Code § 19572(f), California Penal Code § 5058 and various sections within the DOM when he filed false RVRs against him. (ECF Nos. 1 at 53-56; 23 at 17-18). Thus, counts thirteen, fourteen and fifteen raise only state law claims in connection with administrative disciplinary proceedings and Defendants are entitled to immunity under California Government Code § 821.6. *See Baker v. Schwarzenneger*, 2008 WL 5068937, at *9 (S.D. Cal. Nov. 26, 2008); *see also Miller v. Catlett*, 2010 WL 444734, at *4 (S.D. Cal. Feb. 1, 2010). Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss counts thirteen, fourteen and fifteen of Plaintiff's Complaint be **GRANTED** and the claims be **DISMISSED** as to Defendant Corcoran with prejudice.

## V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that:

1) Defendant's Motion be **GRANTED WITH PREJUDICE** as to Plaintiff's Eighth Amendment claim against all Defendants (count twelve).

2) Defendant's Motion be **GRANTED WITH PREJUDICE** as to Plaintiff's state law claims against Defendant Corcoran (counts thirteen, fourteen and fifteen).

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **June 13, 2017**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **June 20, 2017**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the

Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: May 23, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge