UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>                              Plaintiff,<br>v.<br><br>G. STRATTON, et al.,<br><br>                             Defendant. | Case No.: 16CV1633-BAS-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 50]** |

Before the Court is Plaintiff's Motion to Compel a More Definite Answer. (ECF No. 50). Plaintiff' moves to compel responses to interrogatories and further documents from Defendant G. Stratton. (Id.). The dispute involves a confidential memorandum in Plaintiff's central file and documents relating to Plaintiff's work placement. (Id. at 14-27).

## **LEGAL STANDARD**

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established that his request meets this broadly-construed relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the

1

burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07-cv-200, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

# DISCUSSION

As a threshold issue, in a proper motion seeking the court to compel further discovery production, the movant must show that he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. Fed R. Civ. P. 37(a)(1). Additionally, a motion to compel "must include a certification" that the movant has attempted to meet and confer." *Id.* Failure to meet and confer in good faith is grounds for denial of the motion to compel. *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006); *Rogers v. Giurbino,* 288 F.R.D. 469, 477 (S.D. Cal. 2012) (*Scheinuck v. Sepulveda,* No. C 09-0727 WHA (PR), 2010 WL 5174340, at *1-2 (N.D. Cal. Dec, 15, 2010); see *Shaw v. Cnty. Of San Diego*, No. 06-2680-IEG(PQR), 2008 U.S. Dist. LEXIS 80508, at 3-4, 2008 WL 9411414 (S.D. Cal. Oct. 9, 2001) (denying plaintiff's motion to compel for failing to attempt to meet and confer.).

The requirement to meet and confer applies to *pro se* litigants. *Madsen v. Risenhoover*, No. C 09-5457 SBA (PR), 2012 U.S. Dist. LEXIS 90810, *8-9 (N.D. Cal. June 28, 2012) (finding that the meet and confer requirement applies to incarcerated individuals); *Walker v. Ryan*, No. CV-1—1408-PHX-JWS (LOA), 2012 U.S. Dist. LEXIS 63606, at *5-6 (D. Ariz. May 7, 2012) (denying motion to compel where unrepresented party did not include a certification of attempts to meet and confer); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (discussing that although courts should liberally

construe *pro se* plaintiffs' pleadings and legal arguments, this liberality does not apply to compliance with straightforward procedural requirements).

Here, Defendants assert that Plaintiff did not meet and confer before filing his motion. (ECF No. 54 at 9). A declaration provided by Defendants' attorney indicates that Plaintiff made no effort to meet and confer with respect to the supposedly insufficient discovery responses "either by letter, phone, or in person." (ECF No. 54-2 at ¶7). Plaintiff's motion cites Rule 37's requirement to include a certification that he engaged in or attempted to engage in the meet and confer process before seeking court intervention. (ECF No. 50 at 12). Plaintiff's motion does not contain the required certification. Further, Plaintiff argues that he does not have access to collect call telephones during business hours because of his work assignment. (ECF No. 62 at 1).

As noted above, Plaintiff's status as an incarcerated *pro se* litigant does not absolve him of the requirement to engage in the meet and confer process. The Court finds that Plaintiff has not satisfied this requirement and therefore his Motion to Compel is premature. Accordingly, the parties are directed to meet and confer by telephone by **October 4, 2017**, to address Defendants' objections and Plaintiff's reasons to compel further production. Defendants are directed to initiate the call. If after a good faith effort to meet and confer, the parties are unable to resolve their disputes, they may file a joint motion for determination of a discovery dispute consistent with this Court's Chambers Rules.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Compel is **DENIED WITHOUT PREJUDICE**. If, after making a good faith effort to meet and confer regarding specific challenges Plaintiff asserts against

Defendants' objections, the parties reach an impasse, the parties may file a Joint Motion for Determination of Discovery dispute on or before **October 18, 2017**.

**IT IS SO ORDERED.**

Dated: September 15, 2017

*Mitchell D. Dembin*
Hon. Mitchell D. Dembin
United States Magistrate Judge