UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>G. STRATTON, et al,,<br><br>　　　　　　　　Defendant. | Case No.: 16cv1633-BAS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANT A. LIMON'S MOTION TO DISMISS**<br><br>**[ECF No. 55]** |

This Report and Recommendation is submitted to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 27.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendant A. Limon's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.

## **I. PROCEDURAL HISTORY**

Plaintiff Moriano Millare ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). On June 24, 2016, Plaintiff

filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's Complaint sets forth various claims against seventeen individuals alleging that they retaliated against him in violation of the First Amendment, imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment, violated California Government Code § 19572(f), failed to comply with several California Codes of Regulation and failed to enforce the Department of Corrections Operations Manual ("DOM"). (Id. at 31-57).

On December 19, 2016, twelve Defendants moved to dismiss counts ten through fifteen. (ECF No. 16).[1] Defendant Shelland joined the motion on January 23, 2017. (ECF No. 21). On February 28, 2017 this Court issued a Report and Recommendation that recommended denying the Motion as to Plaintiff's First Amendment retaliation claims and granting the Motion as to Plaintiff's Eighth Amendment and state law claims. (ECF No. 30). District Judge Bashant adopted the Report and Recommendation on April 6, 2017. (ECF No. 37).

On March 14, 2017, Defendant Corcoran moved to dismiss those claims that the previous Movants were successful in dismissing, specifically the cruel and unusual punishment under the Eighth Amendment claim and all claims arising under state law. (ECF No. 31-1 at 2).[2] On May 23, 2017, this Court issued a Report and Recommendation that recommended granting the Motion in its entirety. (ECF No. 45). District Judge Bashant adopted the Report and Recommendation on June 20, 2017. (ECF No. 48).

---

[1] Defendants Olsen, Fernandez, Asbury, Stratton, Charlton, Vasquez, Moore, Self, Baezinger, Olivarria, Seibel, and Sosa. Specifically, the Motion addressed all First Amendment retaliation claims against movants in supervisory positions, Eighth Amendment violations against all movants, and state law claims against all movants.

[2] Defendant Corcoran was served by mail at a date later than the aforementioned parties, and waived service on February 6, 2017. (ECF No. 28).

Defendant A. Limon filed a Motion to Dismiss on August 8, 2017. (ECF No. 55).[3] Defendant Limon's Motion seeks to dismiss counts one and twelve through fifteen. (*Id.*) Defendant Limon contends that (1) Plaintiff's first count fails to state a claim for retaliation because Plaintiff has not pled facts that establish that the alleged adverse action chilled his exercise of Plaintiff's First Amendment rights; (2) Plaintiff's twelfth count fails to state a claim under the Eighth Amendment because he does not allege the loss of a fundamental right; (3) Plaintiff's thirteenth, fourteenth, and fifteenth counts must be dismissed because Defendant is immune from liability under state law. (ECF No. 55-1 at 8-17).

Plaintiff opposes the motion to dismiss on the grounds that he has sufficiently alleged a First Amendment claim of retaliation because he is not required to demonstrate a total chilling of his First Amendment right. (ECF No. 64 at 6). Plaintiff does not oppose dismissal of his Eighth Amendment and state law claims. (*Id.* at 7).

Defendant replies that while Plaintiff's statement that he is not required to demonstrate a total chilling is correct, Plaintiff's claim should still be dismissed as Plaintiff has not presented factual allegations that would demonstrate any chilling of his First Amendment rights at all. (ECF No. 72 at 2).

## II. BACKGROUND FACTS

The facts are taken from Plaintiff's Complaint and are not to be construed as findings of fact by the Court. Plaintiff alleges that Limon is "employed as a correctional officer on 'A' facility" at Richard J. Donovan

---

[3] Defendant Limon was served by mail at a later date than the aforementioned Defendants, and waived service on May 11, 2017. (ECF No. 43).

Correction Facility ("RJD"), and is "responsible for the custody treatment and discipline of all inmates under his charge." (ECF No. 1 at 10).

Plaintiff's claims arise from a series of appeals that Plaintiff filed and Rules Violation Reports ("RVR") filed against him while incarcerated at Richard J. Donovan Correction Facility ("RJD") in San Diego, California. (*See* ECF No. 1). Plaintiff was given a work assignment in the Facility A Culinary Scullery. (*Id.* at 18). Plaintiff alleges he was not given work boots and that all other inmates working in the kitchen were provided work boots. (*Id.*). From July of 2014 to May of 2015, Plaintiff alleges that Defendants filed false RVRs against him, alleging that Plaintiff refused to report to work. (*Id.* at 18-20, 68, 76, 77, 100-01, 106-08, 125, 128). The RVRs state that the correctional officer in control of opening Plaintiff's cell door reported that they opened Plaintiff's cell door, but that Plaintiff refused to come out. (*Id.*). In response to the RVRs, Plaintiff filed appeals against the Defendants who authored the reports. (*Id.* at 18-20, 64-65, 73, 90-97, 96-97, 101-104,115-17, 186-87). In the appeals, Plaintiff claims that counter to the information in the RVR, either his cell door was never opened or that he reported to work on the date listed in the RVR. (*Id.*). Plaintiff alleges that these appeals were improperly rejected, cancelled or denied. (*Id.* at 19, 22, 66, 72-76, 82-83, 86-87, 88, 92-93, 95, 98-99, 114-22, 188).

From June of 2015 to April of 2016, Plaintiff filed inmate appeals alleging that Defendants were retaliating against Plaintiff's previous inmate appeals by improperly handling them or otherwise impeding his access to file prisoner grievances. (*Id.* at 135-36, 144-45, 171-72, 183-84). Plaintiff alleges that these appeals were also improperly rejected, cancelled or denied. (*Id.* at 133, 138-41, 143, 148-53, 170, 173-77, 179-82).

Specific to the movant, On July 3, 2014, Plaintiff informed Defendant

Limon that he wanted work boots and that he would file an inmate appeal if Defendant required Plaintiff to work without them. (*Id.*) Plaintiff was not given work boots. (*See id.*). Defendant then Plaintiff alleges that Culinary Officers stopped calling for Plaintiff's release to his work assignment. (*Id.*) On July 18, 2014, Defendant Limon authored a RVR stating Plaintiff did not report to work and was in violation of the Inmate Work Training Incentive Program. (*Id.* at 18, 68). The RVR stated that the correctional officer in control of opening Plaintiff's cell door reported that they opened Plaintiff's door, but that Plaintiff refused to come out. (*Id.* at 19, 68).

On July 24, 2014, Plaintiff gave a Corrections Officer a Form 22 inmate appeal to deliver to Defendant to inquire about work boots and why Plaintiff's name was removed from the culinary roster. (*Id.* at 19, 69). Defendant did not respond. (*Id.*) On August 2, 2014, Plaintiff again gave a corrections officer an inmate appeal to be forwarded on to Defendant, this time inquiring if Defendant had requested Plaintiff "be released for his assignment" and asking if Defendant had received the July 24 appeal. (*Id.* at 19, 70). Defendant did not respond. (*Id.*)

In count one, Plaintiff contends that Defendant Limon violated his First Amendment right to freedom of speech by retaliating against him for filing inmate appeals. (*Id.* at 31-32).

In count twelve, Plaintiff contends that Defendant imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment by prohibiting Plaintiff from attending his work assignment, filing false RVRs against him and interfering with Plaintiff's right to file inmate appeals. (Id. at 52-53).

In count thirteen, Plaintiff contends that Defendant violated California Government Code § 19572(f). (*Id.* at 53-54)

In count fourteen, Plaintiff contends that Defendant violated California Penal Code § 5058. (*Id.* at 54-55).

In count fifteen, Plaintiff contends that Defendant violated several sections of the California Department of Corrections Operation Manual ("DOM"). (Id. at 55-56).

### III. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The pro se pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A *pro se* litigant is entitled to notice of the deficiencies in the complaint

and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV. DISCUSSION

First, the Court will consider whether Defendant's request for judicial notice in support of his motion to dismiss will be granted. Next, the Court will determine whether Defendant's Motion to Dismiss should be granted and counts one and twelve through fifteen of Plaintiff's Complaint should be dismissed as to Defendant A. Limon.

### A. Judicial Notice

Defendant requests the Court take judicial notice of records from the Victim Compensation and Government Claims Board ("VCGCB") pursuant to Federal Rule of Evidence 201. (ECF No. 55-2 at 1-2). In support, Defendant attaches a declaration of Darlene Macias, the Custodian of Records for the Government Claims Program. (*Id.* at 4).

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, this Court takes judicial notice of the documents attached to Darlene Macias' declaration as they are matters of public record. (ECF No. 55-2 at 5-14).

### B. Count One: First Amendment Violation

In count one, Plaintiff alleges that Defendant Limon retaliated against Plaintiff in violation of the first Amendment in three specific incidents. (ECF No. 1 at 31-32). First, Plaintiff alleges that Defendant retaliated against Plaintiff, "in response to Plaintiff['s] litigiousness," by compelling Plaintiff to "work in the culinary scullery without work boots while the rest of the

culinary workers were provided work boots." (*Id.* at 31). Second, Plaintiff alleges that Defendant further retaliated by not "calling for [Plaintiff's] release to his work assignment and refusing to allow Plaintiff to attend his work assignment." (*Id.*) Third, Plaintiff alleges that on July 18, 2014, Defendant issued a false RVR stating that Plaintiff did not report to work and when the door to his cell was opened, Plaintiff refused to leave for work. (*Id.* at 32).

### 1. Retaliation

Defendant asserts that count one must be dismissed because Plaintiff has not plead facts that establish that Defendant's alleged adverse action chilled the exercise of Plaintiff's First Amendment rights. (ECF No. 55-1 at 10).

The First Amendment protects against "deliberate retaliation" by prison officials against an inmate's exercise of his right to petition for redress of grievances. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Such conduct is actionable even if it would not otherwise rise to the level of a constructional violation because retaliation by prison official may chill an inmate's exercise of legitimate First Amendment rights. *Thomas v. Carpenter*, 881 F.2d 828, 830 (9th Cir. 1989). A prisoner suing prison officials for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Barnett v. Centoni*, 31 F.3d 815-16 (9th Cir. 1994); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

In *Rhodes v. Robinson*, the 9th Circuit set forth five basic elements of a viable claim of First Amendment retaliation: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

prisoner's protected conduct, and that such an action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 480 F.3d 559, 567-68 n.11 (9th Cir. 2005)). Defendant Limon moves to dismiss count one on the basis that Plaintiff failed to plead facts that establish the fourth element. (ECF No. 55-1 at 10).

The fourth Rhodes pleading standard element requires Plaintiff to show that the harm chilled the exercise of his First Amendment rights. *Rhodes*, 408 F.3d 567-68. A plaintiff is not required to allege "a total chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced." *Id.* at 568 (emphasis in original). The Court must ask "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino County*, 192, F.3d 1283, 1300 (9th Cir. 1999) (internal citations and quotations omitted).

The face of Plaintiff's Complaint alleges that his First Amendment rights were chilled. (ECF No. 1 at 32). Plaintiff specifically alleges that Defendant "chilled the effect of Plaintiff's exercise of his First Amendment rights through actions that did not advance any legitimate penological goals nor are tailored narrowly enough to achieve such goals." (*Id.*). Further, Plaintiff alleged that Defendants filed a false RVR against him in retaliation for Plaintiff's "litigiousness" and for filing an inmate appeal regarding Plaintiff's name being removed from the culinary roster. (*Id.* at 31). While the Court "cannot find that a prisoner of 'ordinary firmness' would be deterred from filing future grievances merely because a previous grievance

was denied," the Court can find that improper handling of multiple appeals and the filing of false RVRs could have a chilling effect. *Gonzalez v. Doe*, No. 07-cv1962-W(POR), 2010 WL 3718881, *8 (S.D. Cal. July 28, 2010); *see Martinez v. Muniz*, No. 14-cv-03753-HSG (PR), 2016 WL 3208393, *13 (N.D. Cal. June 10, 2016) (finding that a plaintiff's continued filing of inmate appeals does not negate the existence of a chilling effect). The Court, therefore finds that there was a chilling effect, despite the fact that Plaintiff continued to file inmate appeals because the chilling effect need not be so great as to totally silence the inmate. *See Rhodes*, 408 F.3d at 568-69 (rejecting argument that inmate failed to state retaliation claim where, after alleged adverse action, plaintiff nonetheless had been able to file inmate grievances and a lawsuit). Based thereon, Plaintiff satisfies the fourth element of the Rhodes pleading standard. Accordingly, the Court RECOMMENDS Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claim in count one against Defendant Limon be **DENIED**.

## C. Count Twelve: Eighth Amendment Violation

In his Complaint, Plaintiff alleges that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by preventing him from attending his work assignment, filing false RVRs pertaining to alleged failures to show up for his work assignment, and obstructing Plaintiff's administrative rights to appeal the false RVRs. (ECF No. 1 at 52-53). Defendant argues that count twelve should be dismissed because Plaintiff does not allege that he was deprived of a fundamental right and therefore cannot state a claim for violation of the Eighth Amendment. (ECF No. 55-1 at 11).

In his opposition, Plaintiff states that he does not oppose dismissing his Eighth Amendment claim against Defendant Limon. (ECF No. 64 at 7).

Accordingly, this Court **RECOMMENDS** that Defendant's Motion to Dismiss Count twelve of the Complaint be **GRANTED** and count twelve as to Defendant Limon be **DISMISSED** with prejudice.

### D. Counts Thirteen, Fourteen and Fifteen

In count thirteen of the Complaint, Plaintiff alleges that all Defendants violated California Government Code § 19572(f), which states that dishonesty is cause for discipline of a state government employee. (ECF No. 1 at 53-54); Cal. Gov. Code § 19572(f). In count fourteen, Plaintiff alleges that all Defendants violated California Penal Code § 5058 by failing to enforce, monitor and abide by the terms of the California Code of Regulations. (ECF No. 1 at 54-55). California Penal Code § 5058 permits the director of California Department of Corrections and Rehabilitation ("CDCR") to "prescribe and amend rules and regulations for the administration of the prisons." Cal. Pen. Code § 5058(a). In count fifteen, Plaintiff alleges that all Defendants violated the DOM. (*Id.* at 55-56). Defendant argues that there are no factual allegations that he was involved in processing or deciding Plaintiff's appeals and as such the Complaint fails to properly allege state law claims. (ECF No. 55-1 at 15).

In his opposition, Plaintiff states that he does not oppose dismissing the three state law counts against Defendant Limon. (ECF No. 64 at 7). Accordingly, this Court **RECOMMENDS** that Defendant's Motion to Dismiss counts thirteen, fourteen, and fifteen of the Complaint be **GRANTED** and counts thirteen through fifteen as to Defendant Limon be **DISMISSED** with prejudice.

### V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that:

1) Defendant's Motion be **DENIED** as to Plaintiff's First

Amendment retaliation claim (count one).

    2) Defendant's Motion be **GRANTED WITH PREJUDICE** as to Plaintiff's Eighth Amendment claim (count twelve).

    3) Defendant's Motion be **GRANTED WITH PREJUDICE** as to Plaintiff's state law claims (counts thirteen, fourteen, and fifteen).

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **November 13, 2017**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **November 20, 2017**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: October 30, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge